**AUTOMOTIVE, PETROLEUM & ALLIED INDUSTRIES EMPLOYEES UNION, LOCAL 618, etc., Plaintiff,**

v.

**GELCO CORPORATION, et al., Defendants.**

No. 83–899C(1).

United States District Court, E.D. Missouri, E.D.

May 11, 1984.

Fred A. Ricks, Jr., St. Louis, Mo., for plaintiff.

Michael J. Bobroff, St. Louis, Mo., for Gelco.

Louis N. Laderman, Gerald Tockman and Sara J. Herrin, St. Louis, Mo., for intervenor Muehlrath.

## MEMORANDUM

NANGLE, Chief Judge.

This case is now before this Court on intervenor-defendant Muehlrath's motion for summary judgment. For the reasons stated below Muehlrath's motion is granted and plaintiff's complaint is dismissed.

The facts of this case were summarized in this Court's Order and Memorandum of March 5, 1984. Muehlrath alleges that plaintiff union is not entitled to an order directing defendant Gelco to arbitrate Timothy Brown's grievance because plaintiff union breached its duty of fair representation owed to Muehlrath in deciding to take Brown's grievance to arbitration. Plaintiff union contends that Muehlrath's motion must be denied because its decision to take Brown's grievance to arbitration was not arbitrary and because any alleged breach of the duty of fair representation has been mooted by the provision of procedures to protect Muehlrath's interests during the arbitration proceedings.

Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." *Fed.R.Civ.P.* 56(c). *See also Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). In passing on a motion for summary judgment, a court is required to view the facts and inferences that may be derived therefrom in the light most favorable to the non-moving party. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir.1983); *Vette Co. v. Aetna Casualty and Surety Co.*, 612 F.2d 1076, 1077 (8th Cir.1980). The burden of proof is on the moving party and a court should not grant a summary judgment motion unless it is convinced that there is no evidence to sustain a recovery under any circumstances. *Buller*, 706 F.2d at 846. However, under Rule 56(e), a party opposing a motion for summary judgment may not rest upon the allegations of his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." *Fed.R.Civ.P.* 56(e). *See also* 10A Wright, Miller and Kane, *Federal Practice and Procedure: Civil 2d*, § 2739 (1983).

In *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), the Supreme Court held that a union, as the exclusive bargaining representative of a group of employees, owes a duty to each employee to fairly represent his/her interests. In

*Smith v. Hussmann Refrigerator Co.*, 619 F.2d 1229 (8th Cir.1980), the Eighth Circuit stated:

> In the administration of the collective bargaining agreement, the union has "a statutory obligation to serve the interests of all members [of a designated unit] without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct."

*Id.* at 1236 (quoting *Vaca* 386 U.S. at 177, 87 S.Ct. at 909). In *Smith* several unionized employees brought suit against, *inter alia*, their union alleging that the union had breached its duty of fair representation in the manner in which the union processed grievances challenging plaintiffs' promotions. The Eighth Circuit reversed this Court's granting of the union's motion for judgment notwithstanding the verdict. The Eighth Circuit stated the standard against which the union's conduct was to be judged in a situation where the union takes a position that is necessarily antagonistic to other employees, as follows:

> [T]he union must fairly represent both groups of employees and may take a position in favor of one group only on the basis of an informed, reasoned judgment regarding the merits of the claims in terms of the language of the collective bargaining agreement.

*Id.* at 1237. The Court held that there were three (3) aspects of the union's conduct in *Smith* from which the jury was entitled to find for plaintiffs: 1) the union's strict adherence to the principle of seniority; 2) the union's failure to notify plaintiffs of the arbitration hearing or invite them to attend; and 3) the failure to accept and process plaintiffs' grievances or to place the matter on the agenda of a regular union meeting.

■ *Smith* is applicable to the facts of this case because here the union decided to take Brown's grievance, which challenged Muehlrath's receipt of the partsman job, to arbitration and the union's position was necessarily antagonistic to Muehlrath's interests. It is the opinion of this Court that the union violated its duty of fair represen-

tation owed to Muehlrath and that the union is not entitled to an order requiring the employer to arbitrate Brown's grievance. The decision of the union was arbitrary and there is no genuine issue of material fact that would suggest otherwise.

Article I, Section 7(d) of the relevant collective bargaining agreement provided:

> If two or more present employees apply for the position, consideration will be given to their qualifications and length of service in the bargaining unit of the Employer. If the qualifications are substantially equal, preference will be given to the employees [sic] having the greater total length of service in the bargaining unit of the Employer. The Employer shall judge the qualifications of any employee or applicant.

Among the qualifications set by the Employer for the partsman position was the requirement that the employee "[m]ust have five (5) years experience working in a Parts Department."

Facts not in dispute in this case are that Muehlrath has worked in a Parts Department for over 23 years, that Brown's only experience in a Parts Department at the time he bid on the job was a three (3) month period during which time he was filling in for Muehlrath, and that Brown has more seniority at Gelco than Muehlrath. With respect to the decision of the union to arbitrate Brown's grievance, it is clear that the union never considered the *relative* qualifications of Brown and Muehlrath. The union's memorandum and the affidavits that it supplied in opposition to Muehlrath's motion for summary judgment state that the union never considered the qualifications of Muehlrath because the union officers considered him qualified. Moreover, the union states that it decided that Brown was qualified and that because both Brown and Muehlrath were qualified the union decided that Brown should have received the position in view of his seniority.

The union's decision to take the position of Brown was not based on "an informed, reasoned judgment regarding the merits of the claims in terms of the language of the collective bargaining agreement." *Smith*, 619 F.2d at 1237. Brown, according to the employer's minimum job qualification requirements, was not qualified and the union's belief to the contrary was irrational if the union was aware of the employer's job requirements and uninformed if the union was not aware of said requirements. Aside from this, the union's decision was both irrational and not based on the terms of the contract because Brown's and Muehlrath's qualifications could not possibly have been considered "substantially equal," which is the condition precedent under the contract to consideration of the seniority factor. Finally, the union's admission that the union did not at any time consider the relative qualifications of Brown and Muehlrath, further convinces this Court that the union's consideration of seniority was arbitrary. Therefore, the union breached its duty of fair representation as a matter of law.

■ The union argues that Muehlrath's claim is mooted by the fact that various procedural precautions will be taken at the arbitration of Brown's grievance, which precautions were not present in *Smith*, such as notice to Muehlrath of the time and place of said arbitration and allowing Muehlrath to have a personal attorney attend said arbitration. This Court rejects the union's argument because it fails to perceive the thrust of Muehlrath's position. It was the union's decision to take Brown's grievance to arbitration, and the manner in which that decision was made, which constituted the breach and the breach is not cured by providing Muehlrath with procedural protections. The only remedy for the union's breach is denial of the union's request for an order compelling arbitration. Thus, Muehlrath's claim is not moot and the relief sought by plaintiff is denied.

■ In addition, it is the opinion of this Court that Muehlrath is entitled to an award of his reasonable attorney's fees incurred in intervening in this action and successfully asserting his rights. An award of attorneys' fees is appropriate when a union breaches its duty of fair representation toward its member. *Emmanuel v. Omaha Carpenters District*

*Council,* 560 F.2d 382, 385 (8th Cir.1977). It is especially appropriate in this case where the union's breach is based upon arbitrary conduct and where Muehlrath's intervention has rendered a substantial service to his fellow employees and members of the union. Accordingly, Muehlrath is awarded his reasonable attorney's fees.

### ORDER

Pursuant to the Memorandum filed herein this day,

**IT IS HEREBY ORDERED** that intervenor-defendant Muehlrath's motion for summary judgment be and is granted and plaintiff's complaint be and is dismissed at plaintiff's cost. Defendant Gelco is under no obligation to arbitrate Timothy Brown's grievance in this matter.

**IT IS FURTHER ORDERED** that Muehlrath's request for an award of attorney's fees be and is granted. Defendant Muehlrath shall submit, in writing and within twenty-one (21) days of this date, an itemized and detailed schedule of his attorney's fees incurred in this action. Plaintiff shall have seven (7) days from filing of said schedule to file objections to same.