AUTOMOTIVE, PETROLEUM & ALLIED INDUSTRIES EMPLOYEES UNION, LOCAL 618 affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Appellant,

v.

GELCO CORPORATION and Kenneth Muehlrath, Appellees.

No. 84–1681.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 18, 1985.

Decided April 2, 1985.

Fred A. Ricks, Jr., St. Louis, Mo., for appellant.

Michael J. Bobroff and Sara J. Herrin, St. Louis, Mo., for appellees.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

HENLEY, Senior Circuit Judge.

Employees Union Local 618 appeals from the district court's[1] order of May 11, 1984 granting summary judgment in favor of intervenor Kenneth Muehlrath. *Automotive Petroleum & Allied Industries Employees Union, Local 618 v. Gelco Corp.*, 584 F.Supp. 514 (E.D.Mo.1984). Local 618 had brought suit under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 to compel Gelco Corporation to arbitrate a grievance filed by Tim Brown pursuant to the grievance procedure contained in the collective bargaining agreement to which Local 618 and Gelco are parties. We affirm.

Brown had bid on a partsman job, but the position was awarded to Muehlrath, also an employee of Gelco. After this suit was brought, Muehlrath intervened, contending that Local 618, by deciding to arbitrate Brown's grievance, had breached its duty of fair representation owed him. Local 618 filed a motion for summary judgment as to Gelco on August 12, 1983. Gelco and Muehlrath filed counter motions for summary judgment on September 7, 1983.

On March 5, 1984 the district court in effect held that Local 618 was not estopped from filing suit to compel arbitration by virtue of a prior decision on an identical grievance *Automotive, Petroleum and Allied Industries Employees Union, Local 618 v. Gelco Corp.*, 581 F.Supp. 1155 (E.D.Mo. 1984); however, the district court stayed arbitration pending final disposition of Muehlrath's fair representation claim. On May 11, 1984 the district court granted Muehlrath's motion for summary judgment, awarded Muehlrath attorney's fees and costs and dismissed Local 618's complaint.

Local 618 contends on appeal that Muehlrath's unfair representation claim is not ripe for review. It also contends that the district court erred in concluding that Local 618 breached its duty of fair representation.

Local 618 was the sole and exclusive bargaining representative of Gelco's employees,[2] which included Brown and Muehlrath.

On May 20, 1979 Muehlrath was hired to fill a position of partsman. He had previously worked for many years as a partsman with another company. Under the terms of the collective bargaining agreement, all jobs are posted for bid on an annual basis. Since May 1, 1979 Muehlrath has been awarded the position of partsman every time it has been posted for bidding and has held this position since that date except for a three-month period in 1980 when he was on medical leave.

Brown has been employed by Gelco for approximately seven years. His job classification is that of serviceman. He temporarily held the position of partsman for the three-month period when Muehlrath was on leave. The Brown-Muehlrath dispute began in August, 1980 when Brown filed a grievance against Gelco arising out of Arti-

---

1. The Honorable John F. Nangle, Chief Judge, United States District Court, Eastern District of Missouri.

2. Local 618 and Gelco negotiated and executed a collective bargaining agreement for a period commencing on April 1, 1982, and terminating on May 15, 1985. Prior labor agreements be-

tween the two parties were negotiated through a multi-employer association known as the Motor Carrier's Council of St. Louis, Inc. A valid collective bargaining agreement had been negotiated through Motor Carrier's Council from April, 1979 through March, 1982.

cle I, Section (7)(d) of the 1979–82 agreement.[3] Brown, who had been laid off, asserted that he had the right to "bump" or displace Muehlrath from the partsman position because he had more seniority and was more qualified to do the job.[4] This grievance was denied on its merits by the Joint Grievance Committee. Brown did not appeal that decision. Therefore, under the terms of the collective bargaining agreement, the decision was final and binding.

On January 1, 1982 a new group of persons assumed Union office; on February 19, 1982 Brown was elected shop steward. In February, 1982 Brown filed another grievance when the job of partsman was rebid and Gelco selected Muehlrath for the position. The grievance was denied by Gelco and the Union took no further action.

The current collective bargaining agreement came into effect on April 1, 1982. The language of Article I, Section 7(c) of the current agreement is identical to the language of Article I, Section 7(d) of the previous agreement. Moreover, the qualifications set out by Gelco for the partsman position also remain unchanged.

In January, 1983 Gelco posted all jobs for bid in accordance with the terms of the agreement. Muehlrath and Brown bid on the partsman position. Brown filed a third grievance as a result of Muehlrath's selection, raising the identical issue resolved by the Joint Grievance Committee in 1980 and resolved again in 1982.

In January, 1983 Union officials met with Gelco to discuss Brown's grievance. The discussion focused on Brown's qualifications, because the Union never disputed that Muehlrath was qualified. The Union took the position that both men were qualified, and because Brown was the more senior employee his grievance had sufficient merit to warrant arbitration. Gelco denied the grievance on the basis that Brown was not qualified for the position and that the facts and issues raised had been the subject of a final and binding determination of the Joint Grievance Committee in 1980.

On January 31, 1983 Union officials notified Gelco of their decision to refer the grievance to arbitration. In making their decision, the Union considered the fact that Brown had a history of filing grievances every time his bids were rejected. The Union viewed this problem as based on conflicting interpretations of the agreement and decided that the most effective way to resolve the contract dispute and eliminate conflict among the employees was to submit Brown's grievance to arbitration. Although the conflict and the issues were *exactly* the same as had previously been decided, no new factual or legal question of consequence was presented. The new slate of Union officials wanted a fresh arbitration decision of the Brown-Muehlrath dispute.

In February, 1983 Gelco notified the Union of its refusal to submit this grievance to arbitration. Muehlrath was not notified about the grievance or about the Union's deliberations as to whether to refer the grievance to arbitration. Nor was he notified of the Union's decision to file suit to compel arbitration until after these decisions were made. It was only after the district court granted intervention that the Union offered to notify Muehlrath of the arbitration proceeding and to permit him to participate.

---

**3.** Article I, Section 7(d) of this agreement provides:

> If two or more present employees apply for the position, consideration will be given to their qualification and length of service in the bargaining unit of the Employer. If the qualifications are substantially equal, preference will be given to the employees [sic] having the greater total length of service in the bargaining unit of the Employer. The Employer shall judge the qualification of any employee or applicant.

**4.** The qualifications set by Gelco for the position of partsman were as follows:

> Must have five (5) years experience working in a Parts Department.
> Be capable of ordering parts, supplies, and maintaining an adequate inventory. Also be familiar with IHC stock ordering system.
> Must be capable of buying parts and supplies at the best or competitive price.
> Should be able to interpret manufacturers' parts and price book.

Local 618 maintains that the issue of whether the Union breached its duty of fair representation was not ripe for decision and therefore the district court lacked jurisdiction. The Union asserts that up to this point in time, Muehlrath has suffered no injury. Moreover, it points out that if Brown's grievance were to go to arbitration the Union would use procedures which would ensure that Muehlrath's interests would also be represented.[5] The Union maintains that such an arbitration procedure would then be fair and equitable as a matter of law and that Muehlrath's claim would therefore be moot. Moreover, Local 618 argues that the district court's review at this time of the merits of Brown's grievance would set a precedent running counter to the federal labor policy favoring dispute resolution in accordance with the terms of collective bargaining agreements.

■■■■ We hold that the issue of the Union's breach of its duty of fair representation to Muehlrath is ripe. The ripeness doctrine is invoked to determine whether a dispute has yet matured to a point that warrants decision. The determination is rested both on Article III concepts and on discretionary reasons of policy. Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction*, § 3532. There are two factors relevant to a ripeness decision: the fitness of the issue for judicial resolution and the hardship to the parties of withholding court consideration. *Abbott Laboratories v. Gardner*, 387 U.S. 136, 149, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967), as cited in *Granville House v. Dept. of Health and Human Services*, 715 F.2d 1292, 1299 (8th Cir.1983).

The district court correctly pointed out that the Union's ripeness argument missed the entire thrust of Muehlrath's position. Muehlrath's argument is that it was the Union's *decision* to take Brown's grievance to arbitration and the *manner* in which that decision was made which constituted the breach. This breach could not possibly be cured by providing Muehlrath with procedural protection in the future. Moreover, Muehlrath has been forced to choose between incurring the expense of hiring his own attorney, or relying on the Union to represent him. Certainly he could not be expected to accept the Union as his representative when it had neither contacted him nor considered his qualifications while making its decision to refer Brown's grievance to arbitration. If this matter were to go to arbitration, no matter what the ultimate outcome, Muehlrath would suffer financially and emotionally even more than he has already.

Moreover, judicial resolution on the facts of this case does not undermine the federal labor policy favoring voluntary dispute resolution. The same issue had been raised and determined adversely to Brown in accordance with Union procedures two times since August, 1980. In the absence of some new allegation and in the narrow circumstances of this case, we hold that the controversy was ripe and that in taking jurisdiction the district court in effect was validating the voluntary dispute resolution which had occurred in 1980.

In reviewing a grant of summary judgment, this court must apply the same standard as the district court. *Tyler v. Harper*, 744 F.2d 653, 654 (8th Cir.1984) (per curiam). According to Fed.R.Civ.P. 56(c), summary judgment is appropriate when the pleadings, stipulations, admissions and affidavits in the case show there is no genuine issue of material fact and judgment should be awarded to the movant as a matter of law. *Trnka v. Elanco Products Co., A Division of Eli Lilly and Compa-*

---

5. These procedures would include the following: a) Muehlrath would be given full notice of the hearing date and invited to attend and participate; b) he would be given full notice of all meetings to prepare his case for the arbitration hearing and would be invited to attend and participate in all preparation meetings; c) the Union would take every possible means to en-sure that all facts favorable to Muehlrath's position would be presented to an impartial arbitrator; and, d) Muehlrath would be invited to have his personal attorney attend the arbitration to work with the Union to assure that all facts relevant and favorable to Muehlrath would be presented to the impartial arbitrator.

*ny,* 709 F.2d 1223, 1225 (8th Cir.1983). *Buford v. Tremeyne,* 747 F.2d 445, 447 (8th Cir.1984). On appeal, the non-movant must be given the benefit of every doubt and every favorable inference that may be drawn from the evidence. *Tyler v. Harper* at 655. However, this court has also recognized "the remedy's purpose of avoiding useless and time-consuming trials in proper cases." *Trnka v. Elanco* at 1225 (citing *Butler v. MFA Life Insurance Co.,* 591 F.2d 448, 451 (8th Cir.1979)).

Local 618 argues that the district court erred in holding that the Union had breached its duty of fair representation to Muehlrath.

■ We affirm the district court's grant of summary judgment. In doing so, we will not engage in extended analysis. Instead, we choose to rely on the analysis set out by the district court in its well-reasoned opinion. However, we do wish to amplify several aspects of the opinion.

■ We emphasize that in 1980 the first Brown grievance had been finally resolved by the grievance procedure when a Joint Committee unanimously denied Brown's grievance on the merits. Joint board arbitration is legal and the decision is binding on the parties.[6] The parties, the facts and the issues involved in the 1983 grievance are identical to those in 1980.

■ Moreover, it is apparent that the dispute was correctly resolved in 1980, and that the Union therefore breached its duty to Muehlrath in attempting to depart from that resolution. As the district court points out, the Supreme Court has held that a union, or the exclusive bargaining representative of a group of employees, owes a duty to *each* employee to fairly represent his/her interests. *Vaca v. Sipes,* 386 U.S. 171, 177, 87 S.Ct. 903, 909, 17 L.Ed.2d 842 (1967). When a union takes a position that is necessarily antagonistic to another employee, such as in the Brown-

Muehlrath dispute, the standard against which the union's conduct is to be judged is as follows:

> [T]he union must fairly represent both groups of employees and may take a position in favor of one group only on the basis of an informed, reasoned judgment regarding the merits of the claims in terms of the language of the collective bargaining agreement.

*Gelco,* 584 F.Supp. at 516 (quoting *Smith v. Hussman Refrigerator Co.,* 619 F.2d 1229, 1237 (8th Cir.1980)).

The district court correctly held that the decision of the Union was arbitrary and not based on "an informed, reasoned judgment regarding the merits of the claims in terms of the language of the collective bargaining agreement." Among the qualifications set by Gelco for the partsman position was the requirement of five years work experience in a parts department. While Muehlrath had worked in a parts department for over five years, Brown's only experience in a parts department at the time he bid on the job was the three-month period when he filled in for Muehlrath who was on medical leave. Thus, Brown did not meet the minimum requirements set by Gelco; Brown and Muehlrath did not have substantially equal qualifications.

We therefore affirm the judgment of the district court.

---

6. The collective bargaining agreement, Section 12, Grievance and Strike Clause Procedure, states that a majority decision of the joint committee shall be final and binding on both parties. *Irvin H. Whitehouse & Sons v. Local Union 214, etc.,* 621 F.2d 294, 299 (8th Cir.1980); *Barrentine v. Arkansas-Best Freight System,* 615 F.2d 1194 (8th Cir.1980), *rev'd on other grounds,* 450 U.S. 728, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981).