Joseph W. GRANT, Appellant,

v.

Robert FARNSWORTH; Gerald Knock; Officer Singleton; The City of Iowa City; and Three or Four Unknown Named Police Officers Believed to be Members of the Iowa City Police Department, Appellees.

No. 88–1062.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 18, 1988.

Decided March 15, 1989.

Rehearing Denied April 20, 1989.

James P. Cleary, Phoenix, Ariz., for appellant.

Roger W. Stone, Cedar Rapids, Iowa and David E. Brown, Iowa City, Iowa, for appellees.

Before LAY, Chief Judge, JOHN R. GIBSON, Circuit Judge, and NICHOL *, Senior District Judge.

JOHN R. GIBSON, Circuit Judge.

Joseph Grant appeals from an adverse judgment and an order awarding attorney's fees against him in his 42 U.S.C. § 1983 action. Grant brought this action for alleged violations of his constitutional rights arising from his arrest while protesting at the University of Iowa homecoming parade. The district court [1] directed verdicts against Grant on his first and fourth amendment claims and the jury returned a verdict against him on his fourteenth amendment claim. On appeal, Grant contends the district court erred in (1) denying his motion in limine to bar evidence of his conviction, (2) refusing to allow his chiropractor to testify concerning his injuries, (3) directing verdicts on his fourth and first amendment claims, (4) instructing the jury on excessive force, and (5) awarding Robert Farnsworth, a defendant in this action, attorney's fees. We affirm.

On October 1, 1982, Joseph Grant attended the University of Iowa homecoming parade to protest in front of a float for Rox-

---

* The HONORABLE FRED J. NICHOL, Senior United States District Judge for the District of South Dakota, sitting by designation.

1. The Honorable William C. Stuart, Senior United States District Judge for the Southern District of Iowa.

anne Conlin, an Iowa gubernatorial candidate at that time. While demonstrating, Grant used profanity and threatened to harm one of the parade participants. In response to a report of Grant's activity, Iowa City police officer Gerald Knock approached Grant and asked for identification. Officer Knock testified that Grant then swore at him and attempted to punch him. When Officer Knock attempted to arrest Grant, he violently resisted. During the struggle, Officer Knock requested the aid of Robert Farnsworth, an onlooker at the parade, in detaining Grant. Farnsworth assisted the police by helping hold Grant down until he could be handcuffed. Many witnesses testified that Grant was "out of control" and that he continued to struggle as the police removed him from the premises. Grant, however, contends that he did not take the first swing at the police officer, that he was choked to the point of losing consciousness by one of the police officers, and that the police used excessive force and acted unprofessionally during the incident.

On April 7, 1983, Grant was tried in a state court and found guilty by a jury of the misdemeanor of interfering with official acts. Eighteen months later Grant brought this section 1983 action against Farnsworth, the city of Iowa City, and several police officers, alleging violations of his first, fourth and fourteenth amendment rights. He specifically asserted that he was subjected to arrest on less than probable cause while lawfully exercising his right of expression. At the close of the evidence, the district court directed verdicts against Grant on his first and fourth amendment claims. The jury then returned a verdict for the defendants on the fourteenth amendment claim. Following the jury verdict, Farnsworth moved for the allowance of attorney's fees and costs under 42 U.S.C. § 1988. The district court granted the motion, stating that the case against Farnsworth was "frivolous and groundless."

■ Grant first contends that evidence concerning his conviction for interference with official acts arising from the parade incident should not have been admitted into evidence, as it had no bearing on the factual or legal issues considered in this action. The district court denied Grant's motion in limine and allowed this evidence to be introduced. It did not err. Evidence of Grant's conviction for interference with official acts is relevant to this action because it precludes the relitigation of the facts and issues that were necessary for the state court jury to convict Grant. *See Oldham v. Pritchett,* 599 F.2d 274, 279 (8th Cir. 1979).

■ Grant further argues that the district court erred in directing verdicts against him on his first and fourth amendment claims. The district court's rulings were based on its determination that Grant's prior conviction collaterally estopped him from making the constitutional claims, and that no proximate causal relationship existed between any violation of the first and fourth amendment rights and Grant's alleged injuries. We affirm. *Tyler v. Harper,* 744 F.2d 653, 655 (8th Cir. 1984), holds that "collateral estoppel can bar relitigation of constitutional claims in a section 1983 action when they were fully and fairly litigated and decided in a prior state criminal proceeding." Here Grant attempted to retry the validity of his arrest, for a crime of which he was convicted in state court. The state court jury decided beyond a reasonable doubt that he was guilty of the crime charged. This necessarily entails that the officers acted lawfully in removing Grant from the parade site, and that his interests in remaining at the parade and in exercising first amendment rights were terminated upon his arrest. Until Grant took a swing at Officer Knock, there had been no interference with his first amendment rights. After the swing there was no wrongful interference with these rights because he was lawfully arrested. Further, the district court properly determined that because the arrest was proper, any interference with Grant's first amendment rights was not the proximate cause of his alleged injuries.

■ Next, Grant argues that the district court erred in excluding the testimony of

his chiropractor concerning his treatment of Grant for injuries he sustained from the parade incident. "The admissibility of expert opinions lies in the sound discretion of the Trial Court," *Hayes Bros., Inc. v. Economy Fire & Casualty Co.,* 634 F.2d 1119, 1125 (8th Cir.1980). We conclude that the district court properly excluded the testimony of Grant's chiropractic expert. The chiropractor testified at trial that he could not state with a reasonable degree of certainty the extent and the causes of Grant's disability. Further, he admitted that he could only guess as to the effects of the parade incident because he lacked the necessary medical history of Grant before the incident. Thus, the expert's testimony would not have assisted the jury in determining the extent of injury attributable to the parade incident.

■ Grant also argues that the district court erred in its instructions to the jury by failing to instruct the jury on his first and fourth amendment claims and by restricting the claim of excessive force to a fourteenth amendment claim, which requires a "shock the conscience" standard. We need not address the validity of the instructions pertaining to the "shock the conscience" standard (Instructions 12–14), because Grant's attorney failed to make objections to the instructions during trial in a timely and specific manner. *See* Fed.R.Civ.Proc. 51; *see also Missouri Pac. R.R. Co. v. Star City Gravel Co.,* 592 F.2d 455, 459 (8th Cir.1979). There was no objection to Instruction 12 or 13 and only a minor change was requested in the language of Instruction 14. Thus, Grant cannot now object to these instructions on appeal.

Because the district court directed verdicts on Grant's first and fourteenth amendment claims, there was no issue to submit to the jury on these claims. Thus, the instructions pertaining to such claims were properly refused. Further, this refusal did not prejudice Grant's remaining fourteenth amendment claim.

■ Finally, Grant asserts that the district court improperly awarded attorney fees and costs to Farnsworth. By post-trial order, the district court ruled that Grant's case against Farnsworth was frivolous and groundless, and that Farnsworth was therefore entitled to the attorney fees and costs expended for his defense. *See* 42 U.S.C. § 1988.[2] Under section 1988 a prevailing party defendant may be awarded attorney fees if the defendant proves that the action against him was "frivolous, unreasonable, or without foundation," even though not brought in subjective bad faith. *Christianburg Garment Co. v. EEOC,* 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978); *see also Bass v. Southwestern Bell Telephone, Inc.,* 817 F.2d 44, 47 (8th Cir.1987). We believe the district court accurately concluded that Farnsworth made the required showing, stating "there was no evidence whatsoever connecting Mr. Farnsworth with this incident," and "[t]he court views the case against Mr. Farnsworth as frivolous and groundless. A private citizen who responds to the request of an officer for aid should not be subjected to suit under the facts of this case."

■ Grant argues that his claim against defendant Farnsworth was not frivolous because it survived Farnsworth's motions for a directed verdict and for a summary judgment. In denying the motion for summary judgment, the district court made clear that Grant's claim that Farnsworth acted with excessive force created a material issue for trial. In denying the motion for a directed verdict, the district court stated that although there was no evidence connecting Farnsworth with the parade incident, it would follow the procedure recommended by this court by submitting the issue to the jury and addressing arguments of sufficiency of the evidence in post trial motions. We have often expressed the view that the district court should follow this precaution rather than direct a verdict, which could necessitate retrial were there reversal on appeal. *See Hladyshewski v.*

---

**2.** 42 U.S.C. § 1988 provides: "In any action or proceeding to enforce a provision of sections ... [42 U.S.C. §§ 1981–83, 1985, 1986] ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs."

*Robinson,* 557 F.2d 1251, 1255 n. 3 (8th Cir.1977). These rulings of the district court do not foreclose its later determination that Grant's claims against Farnsworth were frivolous and groundless.

Accordingly, we affirm the district court's decision.