Pursuant to the memorandum opinion filed herein on this date,

IT IS HEREBY ORDERED, AD-JUDGED and DECREED that judgment be and it is entered in favor of defendant and that defendant shall recover of the plaintiffs its costs of action.

---

**Charles E. ROBERTS, Plaintiff,**

v.

**CITY OF MAPLEWOOD CHIEF of POLICE, et al., Defendants.**

No. 88–0025C(6).

United States District Court, E.D. Missouri, E.D.

May 3, 1989.

Evan J. Beatty, St. Louis, Mo. (court appointed), for Charles E. Roberts.

John F. Cowling, St. Louis, Mo., for City of Maplewood Chief of Police, Maplewood Police Dept., George Ross and John Sullivan.

### MEMORANDUM AND ORDER

GUNN, District Judge.

Plaintiff filed this 42 U.S.C. 1983 civil rights action against City of Maplewood police officers George Ross and John Sullivan alleging deprivation of his constitutional rights while in police custody, specifically that he was beaten.[1]

Defendants filed motion for summary judgment raising, *inter alia*, the doctrine of collateral estoppel. The Court finds merit to defendants' contention in this regard and grants the summary judgment motion.

The following facts, supported by depositional exhibits and criminal trial transcript

---

**1.** Originally named as defendants in plaintiff's complaint were Maplewood's chief of police and certain unnamed individuals. Plaintiff subsequently dismissed as to these defendants, and they are not parties to this action.

attached to the summary judgment motion, are uncontroverted.

Defendant Ross and police reserve officer Donald Diester responded to a call from the City Limits Bar in Maplewood that someone had taken plaintiff's automobile keys. Upon their arrival, Ross and Diester found that the bar owners were most fain to have plaintiff removed from the premises. A record check disclosed that plaintiff was wanted by St. Louis County police for third degree assault. Ross and Diester thereupon arrested plaintiff, handcuffed him and transported him to the Maplewood police station. During the booking process, an altercation ensued between plaintiff and Ross with each striking the other.[2] Plaintiff was ultimately subdued by Ross, Diester and the dispatcher, with Ross suffering a broken finger in the melee.

Plaintiff, accompanied by defendant Sullivan, was then taken by ambulance to St. Louis County Hospital to determine if he were in condition to be confined. At the hospital, another imbroglio occurred with plaintiff struggling to grab Sullivan's holstered service revolver. With the help of the ambulance driver, Sullivan succeeded in forceably repressing plaintiff. But as a consequence of the struggle with plaintiff, Sullivan sustained injury to his back and legs requiring treatment. Plaintiff was also injured.

As a result of the attacks on defendants Ross and Sullivan, plaintiff was charged and convicted by a jury in St. Louis County Circuit Court of first and third degree assault. He was sentenced to terms of imprisonment of 15 years and 90 days on those convictions.[3]

The clash between plaintiff and defendants Ross and Sullivan at the police station and at the hospital served as the basis for plaintiff's criminal convictions for assault against the two police officers. In this case plaintiff seeks to utilize the same encounters as the basis for his § 1983 claims against defendants. Hence, defen-

dants' motion for summary judgment based on collateral estoppel is meritorious.

Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In passing on a motion for summary judgment, a court is required to view the facts and inferences that may be derived therefrom in the light most favorable to the non-moving party. *Buller v. Buechler,* 706 F.2d 844, 846 (8th Cir.1983); *Vette Co. v. Aetna Casualty & Surety Co.,* 612 F.2d 1076, 1077 (8th Cir.1980). The burden of proof is on the moving party and a court should not grant a summary judgment motion unless it is convinced that there is no evidence to sustain a recovery under any circumstances. *Foster v. Johns–Manville Sales Corp.,* 787 F.2d 390, 392 (8th Cir. 1986). However, under Rule 56(e), a party opposing a motion for summary judgment may not rest upon the allegations of his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). *See also* 10A Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d,* § 2739 (1983).

And the non-moving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The non-moving party must set forth specific facts to show that "there is sufficient evidence favoring [it] for a jury to return a verdict for [it]." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). As the Supreme Court recently observed, summary judgment is not "a disfavored procedural shortcut" but "an integral part of the Federal rules ... which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Ca-*

---

**2.** Plaintiff was abusive throughout the booking process and threatened to kill Ross.

**3.** Verified by the criminal trial transcript.

*trett,* 106 S.Ct. at 2555 (citing Fed.R.Civ.P. 1). Indeed, and if appropriate, summary judgment serves "a salutary purpose in avoiding a useless, expensive, and time consuming trial where there is no genuine, material fact issue to be tried." *Lyons v. Board of Education of Charleston,* 523 F.2d 340, 347 (8th Cir.1975).

In this case the record clearly supports the claim that there can be no genuine dispute on any material fact concerning the underlying bases for collateral estoppel. Plaintiff is unable to assert any facts to establish a genuine dispute as to that issue. Plaintiff's claim against defendants rests on a dispute which has been resolved against plaintiff by jury in St. Louis County Circuit Court. Defendants' motion for summary judgment should be granted. *Mt. Pleasant v. Associated Elec. Coop.,* 838 F.2d 268, 273-74 (8th Cir.1988).

In the criminal action against plaintiff, he was found guilty of the first and third degree assault charges arising from his attacks on Officers Ross and Sullivan. Thus, the issues and facts encompassing plaintiff's claims have been adjudicated, and plaintiff is collaterally estopped from raising them again in this case.

Under collateral estoppel, once issues or facts necessary to a particular judgment have been decided by a court, that decision may preclude relitigation of the issues on a suit on a different cause of action involving a party to the first case. *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980). Policies underlying collateral estoppel are to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Id.,* 449 U.S. at 94, 101 S.Ct. at 415.

The doctrine of collateral estoppel applies to claims under 42 U.S.C. § 1983 to bar, "relitigation of constitutional claims and a Section 1983 action when they are fully and fairly litigated and decided in a prior state criminal proceeding." *Tyler v. Harper,* 744 F.2d 653, 655 (8th Cir.1984) (citing *Migra v. Warren City School District, Board of Education,* 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56, 61 (1984)). A plaintiff attempting to rely upon certain facts and issues which have previously been decided against him during a criminal trial is barred from relitigating the same facts and issues in a subsequent § 1983 action. That is the circumstance in this case.

*Grant v. Farnsworth,* 869 F.2d 1149, (8th Cir.1989) involves a virtually identical factual situation as in this case. In *Farnsworth,* the plaintiff had been charged with resisting arrest after an altercation during arrest procedures. He was found guilty by a jury of the charges against him. Subsequently, plaintiff filed a § 1983 action against the police alleging excessive use of force during the arrest. The United States District Court asserted collateral estoppel as a bar to relitigating the facts and issues decided by the jury in the criminal proceeding. The Eighth Circuit upheld the District Court's application of collateral estoppel.

In this case, plaintiff contends that defendants violated his constitutional rights when they allegedly beat him while in custody. In order to make a claim for excessive use of force under section 1983, plaintiff must demonstrate that the force used was unreasonable under the circumstances or that the force was used for an improper purpose. *Patzner v. Burkett,* 779 F.2d 1363, 1371 (8th Cir.1985). Evaluation of the reasonableness and proper motivation issues requires consideration of "the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.* (quoting *Putman v. Gerloff,* 639 F.2d 415, 420 (8th Cir.1981)). The facts and issues adjudicated in the criminal assault trial established that the force used by officers Ross and Sullivan was not excessive. The officers were merely responding to the criminal assault of plaintiff. In his criminal trial, plaintiff raised the same issue of excessive force that he presents here. The jury found against him on that issue, and

the matter need not be tried again. *Grant v. Farnsworth.*

The Court has reviewed thoroughly the transcript of proceedings in the criminal trial and is fully satisfied that all factual matters pertinent to this case were resolved in that proceeding.

IT IS HEREBY ORDERED that defendants' motion for summary judgment is granted.

Judgment for defendants.