**James E. MALADY, Jr., Appellant,**

v.

**Tom CRUNK, Bob Stewart, J.C. Skaggs, Appellees.**

**No. 89–2381.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 2, 1990.

Decided April 27, 1990.

James E. Malady, pro se.

Dan J. Crawford, Kennett, Mo., for appellees.

Before McMILLIAN, JOHN R. GIBSON and MAGILL, Circuit Judges.

McMILLIAN, Circuit Judge.

James E. Malady, Jr., appeals pro se from a final order entered in the District Court[1] for the Eastern District of Missouri dismissing his 42 U.S.C. § 1983 action for damages against a former Missouri sheriff and two county representatives. *Malady v. Crunk*, No. 88–2331C(6) (E.D.Mo.1989) (orders filed May 5 and July 25, 1989). Malady alleged that the sheriff arrested and jailed him without a warrant and that the warrant issued the next day was not supported by probable cause. The district court dismissed the action against the representatives because their direct involvement was not alleged and against the sheriff because Malady's subsequent conviction, upon a guilty plea, collaterally estopped the action. We do not reach the collateral estoppel question and instead affirm the order of the district court because Malady's conviction of the offense for which he was arrested is a complete defense to a § 1983 action asserting that the arrest was made without probable cause.

This court has in earlier decisions viewed similar issues under a collateral estoppel analysis. *See, e.g., Grant v. Farnsworth*, 869 F.2d 1149, 1151 (8th Cir.1989) (§ 1983 action for false arrest held collaterally estopped by prior conviction for interference with official acts); *Davis v. City of Charleston*, 827 F.2d 317, 321 & n. 3 (8th Cir.1987) (issues held not "identical" for purposes of collateral estoppel; § 1983 action for unlawful arrest, false imprisonment and use of excessive force not collaterally estopped by prior conviction for peace disturbance; however, summary

judgment in favor of defendants affirmed because record evidence did not support plaintiff's claim); *Tyler v. Harper*, 744 F.2d 653, 655 (8th Cir.1984) (collateral estoppel); *accord Ayers v. City of Richmond*, 895 F.2d 1267, 1270–72 (9th Cir. 1990) (denial of motion to suppress collaterally estopped § 1983 claim for unlawful arrest but not claims for use of excessive force or theft of money). However, it is not necessary that we reach the difficult collateral estoppel issues in deciding the present case.

In *Cameron v. Fogarty*, 806 F.2d 380 (2d Cir.1986), *cert. denied*, 481 U.S. 1016, 107 S.Ct. 1894, 95 L.Ed.2d 501 (1987), the Second Circuit, in a thorough opinion, concluded that even though a § 1983 claim of arrest without probable cause was not collaterally estopped by a subsequent conviction, "long-established common-law principles" applicable to § 1983 operated to defeat the action. *Id.* at 386.

> [T]he common-law rule ... was and is that the plaintiff can under no circumstances recover if he [or she] was convicted of the offense for which he [or she] was arrested.... This rule "represents the compromise between two conflicting interests of the highest order—the interest in personal liberty and the interest in apprehension of criminals," and constitutes a refusal as a matter of principle to permit any inference that the arrest of a person thereafter adjudged guilty had no reasonable basis....
>
> ....
>
> ... [W]e conclude that the proper accommodation between the individual's interest in preventing unwarranted intrusions into his [or her] liberty and society's interest in encouraging the apprehension of criminals requires that § 1983 doctrine be deemed, in the absence of any indication that Congress intended otherwise, to incorporate the common-law principle that, where law enforcement officers have made an arrest, the resulting conviction is a defense to a

---

1. The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

§ 1983 action asserting that the arrest was made without probable cause.

*Id.* at 387–89, *citing* F. Harper & F. James, The Law of Torts § 3.18, at 275 (1956).

Accordingly, the order of the district court is affirmed.