_____

No. 95-3912

_____

Edom Williams,                          *
                                        *
            Appellant,                  *
                                        *
      v.                                *
                                        *
Edwin Schario, Police Officer;          *   Appeal from the United States
Tess Noeltner, Police Officer;          *   District Court for the
Mike Naccarato, Supervisor of           *   Eastern District of Missouri.
the Officer of the Public               *
Defenders; Michael E. Dunkin;           *          [PUBLISHED]
Dee Joyce Hayes; Unknown                *
Ferguson,                               *
                                        *
            Appellees.                  *


_____

                Submitted:  June 19, 1996

                  Filed:  August 23, 1996
_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

      Edom Williams, a Missouri inmate, appeals from the district court's
order dismissing without prejudice his 42 U.S.C. § 1983 action.  We affirm
in part and modify in part.

      In February 1995, Williams pleaded guilty to second degree burglary.
In this section 1983 action, he alleged that St. Louis police officers
arrested him for burglary without probable cause, failed to inform him of
his arrest or alleged crime, and took his fingerprints without informing
him of his Miranda[1] rights.  He also alleged that defendant officer Schario
presented false testimony

_____

      [1]Miranda v. Arizona, 384 U.S. 436 (1966).

during Williams's preliminary hearing, and engaged in malicious prosecution. Williams expressly stated that he sought damages only.

The district court granted defendants summary judgment, concluding Williams's claims were barred by his guilty plea and by Heck v. Humphrey, 114 S. Ct. 2364 (1994).

The district court correctly concluded that a guilty plea forecloses a section 1983 claim for arrest without probable cause. See Malady v. Crunk, 902 F.2d 10, 11 (8th Cir. 1990). Williams's Miranda claim also lacks merit because the taking of his fingerprints in the absence of Miranda warnings does not constitute testimonial incrimination as proscribed by the Fifth Amendment. Cf. Schmerber v. California, 384 U.S. 757, 765 (1966) (holding that drawing blood did not constitute testimonial self-incrimination because blood is identifying characteristic). Similarly, Williams's claims he was not informed of his arrest or the charges against him are not cognizable causes of action. Cf. Kladis v. Brezek, 823 F.2d 1014, 1018 (7th Cir. 1987) (no Fourth or Sixth Amendment right to be informed of reason for arrest; Fourth Amendment satisfied if arrest based on probable cause, no Sixth Amendment right until government commits to prosecute). As none of these claims has merit, they were subject to dismissal with prejudice.

We agree with the district court that a judgment in Williams's favor on his damages claims that defendants engaged in malicious prosecution and presented perjured testimony would "necessarily imply the invalidity of his conviction or sentence"; therefore, Williams's claims are not cognizable and must be dismissed unless and until Williams shows his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination,

or called into question by a federal court's issuance of a writ of habeas corpus." See Heck, 114 S. Ct. at 2372.

We reject Williams's argument that the grant of summary judgment was premature. We grant his motion to supplement his brief, and we deny his motions to compel discovery and appoint counsel.

Accordingly, we affirm the dismissal of Williams's malicious-prosecution and perjured-testimony claims without prejudice, but modify the dismissal of his remaining claims to be with prejudice.

MORRIS SHEPPARD ARNOLD, Circuit Judge, concurring and dissenting.

I concur in all of the court's judgment except so much of it as holds that Mr. Williams's claim that perjured testimony was used against him is barred by Heck v. Humphrey, 114 S. Ct. 2364 (1994). Mr. Williams is entitled to damages on this claim if he can prove it, whether or not he would have been convicted without the perjured testimony. A judgment in favor of Mr. Williams on this claim would therefore not "necessarily imply the invalidity of his conviction," id. at 2372, and the claim therefore survives an application of the principles announced in Heck.

I therefore respectfully dissent from this portion of the court's judgment.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-