# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 00-1904

———————

Nathaniel Taylor, Sr., et al.,        *
                             *

        Appellants,     *     Appeal from the United States
                          *     District Court for the Eastern
     v.                 *     District of Arkansas
                          *

United States of America,      *
                             *

        Appellees.      *

———————

Submitted: January 10, 2001

Filed: April 12, 2001

———————

Before RICHARD S. ARNOLD and BOWMAN, Circuit Judges, and KYLE, District Judge.[1]

KYLE, District Judge.

———————————

    [1] The HONORABLE RICHARD H. KYLE, United States District Judge for the District of Minnesota, sitting by designation.

This is an appeal from an Order of the district court[2] dismissing a Tucker Act[3] Complaint for failing to state a claim upon which relief can be granted. We affirm.

Accepting the allegations of the Complaint as true, the eleven individual Appellants are all members of the same family. Ten of the eleven Appellants were present at the home of Nathaniel Taylor, Sr. and Lizzie Taylor in Little Rock, Arkansas, early in the morning of April 12, 1996. At about 6:45 a.m., United States Marshals "beat" on their door and "forced" their way into the house. The marshals spent approximately thirty-five minutes searching every room in the house -- including the bedrooms -- without the consent of the Appellants. The marshals did not display a search warrant or claim such a warrant existed. The marshals did represent that they had an arrest warrant for a person unknown to the Taylors, for whom they were searching the house. The marshals never displayed the arrest warrant, however. After completing their search of the Lizzie and Nathaniel Taylor's home, the marshals traveled to the home of the eleventh family member, Reverend Craig Taylor, and searched his home as well. Again, the marshals never produced a warrant in connection with their search.

The Taylors initially brought this action against the United States pursuant to the Federal Tort Claims Act. After the government filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, the Taylors amended their complaint by dropping the Federal Tort Claims Act claim and substituting, as the sole grounds for relief, a claim under the Tucker Act. Specifically, the Taylors alleged in the Amended Complaint that the marshals violated their constitutional rights under the Fourth Amendment's guarantee to be free from unreasonable searches and seizures. Each appellant sought an award of damages not to exceed $10,000, damages for mental and emotional distress, costs,

---

[2]The HONORABLE STEPHEN M. REASONER, United States District Judge for the Eastern District of Arkansas.

[3]28 U.S.C. §§ 1346, 1491.

and attorneys' fees.

The United States moved to dismiss the Amended Complaint on the ground that the Taylors could not state a claim under the Tucker Act for monetary damages arising out of a violation of the Fourth Amendment. The district court granted the motion to dismiss and this appeal followed.

We review de novo a dismissal for failure to state a claim upon which relief can be granted. Ring v. First Interstate Mortgage Inc., 984 F.2d 924, 926 (8th Cir. 1993). To sue the United States, Appellants must show both a waiver of sovereign immunity and a grant of subject matter jurisdiction. V S Ltd. Partnership v. Dep't of Housing & Urban Dev., 235 F.3d 1109, 1112 (8th Cir. 2000) (citing Presidential Gardens Assocs. v. United States, 175 F.3d 132, 139 (2d. Cir. 1999)).

Section 1346 of Title 28 of the United States Code, called the Little Tucker Act, provides for concurrent jurisdiction in the district courts and the United States Court of Federal Claims for any "civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress . . . ." 28 U.S.C. § 1346(a)(2). Section 1346 also expressly waives the United States' sovereign immunity where the law involved -- Constitution, statute or regulation -- creates a substantive right to recover money damages against the United States. See United States v. Testan, 424 U.S. 392, 398 (1976). The substantive right to recover money damages does not exist in the Tucker Act itself; rather, "the claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" See United States v. Mitchell, 463 U.S. 206 216-17 (1983). Therefore, the district court properly focused its inquiry on whether the Fourth Amendment can fairly be interpreted as mandating compensation by the United States for the injury the Taylors sustained.

The District Court correctly determined, from its review of the relevant cases involving allegations of violation of Fourth Amendment rights, that violations of the "unreasonable searches and seizures" clause of the Fourth Amendment cannot fairly be read as requiring compensation for damages sustained. See Order at 6 (citing Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997); Crocker v. United States, 37 Fed. Cl. 191, 194-95 (1997); Lark v. United States, 17 Cl. Ct. 567, 569 (1989); Noel v. United States, 16 Cl. Ct. 166, 169 (1989); LaChance v. United States, 15 Cl. Ct. 127, 130 (1988); and Royce v. United States, 1 Cl. Ct. 225, 226 (1982)). Where there is no substantive right to recover damages from the federal government, § 1346(a)(2) does not act as a waiver of the sovereign immunity of the United States. The Taylors cannot obtain relief from the United States under the Tucker Act for the actions of the U.S. Marshals.[4] Accordingly, the district court's Order dismissing the Taylors' Amended Complaint is affirmed.

A true copy.

        Attest:

                CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT

---

[4] It appears that the Taylors could have brought a "constitutional tort" claim against the deputy marshals in their individual capacities under Bivens v. Six Unknown Agents, 403 U.S. 388 (1971).