# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2326

_____

| | | |
|---|---|---|
| Brian Gooden, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Arkansas |
| Calvin Lovorn; Alfonso Davenport; | * | |
| Willie Gilmore; Bobbie Irvins; Ray | * | [UNPUBLISHED] |
| Chappelle; Gene McKissic; Josephine | * | |
| Bell; Harvey Jones; Department of | * | |
| Public Safety of the University of | * | |
| Arkansas at Pine Bluff; Board of | * | |
| Trustees of the University of Arkansas, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  March 14, 2002

Filed:  April 5, 2002

_____

Before McMILLIAN, BOWMAN, and BYE, Circuit Judges.

_____

PER CURIAM.

Brian Gooden appeals from the final judgment entered in the District Court[1] for the Eastern District of Arkansas, granting summary judgment in and dismissing his 42 U.S.C. § 1983 action. Gooden claimed University of Arkansas at Pine Bluff (UAPB) defendants and his criminal defense attorney violated his constitutional rights in connection with his arrest and suspension from school for theft of UAPB property. For reversal he argues, inter alia, that the UAPB defendants were not protected by Eleventh Amendment immunity and that his Fourth Amendment claims were not barred by his theft conviction (for which he has served a prison term). For the reasons discussed below, we affirm the judgment of the district court.

We conclude that the district court rightly dismissed Gooden's claim against his attorney, who did not act under color of state law when he represented Gooden on the theft charges. See Taylor v. United States, 248 F.3d 736, 737 (8th Cir. 2001) (de novo standard of review); Myers v. Vogal, 960 F.2d 750, 750 (8th Cir. 1992) (per curiam) (attorneys--whether appointed or retained--who represented plaintiff in criminal proceeding did not act under color of state law and were not subject to suit under § 1983).

We also conclude upon de novo review, see Adams ex rel. Harris v. Boy Scouts of America-Chickasaw Council, 271 F.3d 769, 775 (8th Cir. 2001), that the court properly granted summary judgment. First, the federal claims against the individual UAPB defendants in their official capacities--as well as the claims against the Board of Trustees and the Public Safety Department--were barred by the Eleventh Amendment, and Gooden failed to show that the individuals acted maliciously. See Ark. Code Ann. § 19-10-305(a) (Michie 1998) (immunity of state officers and employees); Okruhlik v. Univ. of Ark., 255 F.3d 615, 622 (8th Cir. 2001) (University of Arkansas has Eleventh Amendment immunity); Treleven v. Univ. of Minn., 73

---

[1]The Honorable Henry Woods, late a United States District Judge for the Eastern District of Arkansas.

F.3d 816, 818 (8th Cir. 1996) (Eleventh Amendment prohibits § 1983 suit seeking monetary damages from individual state officers in their official capacities). Second, Gooden's failure-to-train claims failed because there was no resulting constitutional violation, as we explain below. See Tlamka v. Serrell, 244 F.3d 628, 635 (8th Cir. 2001) (supervisor liability).

We conclude the Fourth Amendment claims lacked merit independent of whether they were barred by Heck v. Humphrey, 512 U.S. 477 (1994). Gooden was arrested pursuant to a warrant, and his allegation that the UAPB defendants failed to execute the warrant according to Arkansas state procedures did not amount to a § 1983 claim. See Williams v. Hopkins, 130 F.3d 333, 337 (8th Cir.) (alleged violation of state law does not by itself state claim redressable by § 1983 action), cert. denied, 522 U.S. 1010 (1997). Additionally, Gooden's guilty plea foreclosed any claim that he was arrested without probable cause, see Williams v. Schario, 93 F.3d 527, 528-29 (8th Cir. 1996) (per curiam); he did not allege, in connection with his Miranda claim, that any statements were used against him; and no UAPB defendants were responsible for the timing of his arraignment. Gooden has abandoned his assault claim by not raising it on appeal. See Lockley v. Deere & Co., 933 F.2d 1378, 1386 (8th Cir. 1991).

Assuming without deciding that Gooden's temporary suspension from UAPB deprived him of a liberty or property interest, we find that he received due process. In connection with a prior charge, he received a hearing after which UAPB officials placed him on disciplinary probation. Officials later discussed the theft allegations with him. When he was arrested for theft, he was informed by letter that he was being suspended for violating the terms of his probation. He acknowledged receipt of this letter by asking that his suspension take effect immediately, and he chose not to appeal the suspension. See Goss v. Lopez, 419 U.S. 565, 579 (1975) (students facing suspension for disciplinary reasons must be given "some kind of notice and afforded some kind of hearing").

Accordingly, we affirm. We decline to address the new claims Gooden has raised on appeal, and we deny his motion to stay the appeal.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.