# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3527

_____

| | | |
|---|---|---|
| Vincent M. Ventimiglia, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| St. Louis County; Bob McCullouch; | * | Eastern District of Missouri. |
| Buzz Westfall; Judge Celeste Endicott; | * | |
| Allison Wolfe; David Arthur; Renee | * | [UNPUBLISHED] |
| Hines Tyce; Police Officer Angela | * | |
| Candler; Judge Robert G. Dowd, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: June 3, 2004
Filed: June 17, 2004

_____

Before MELLOY, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Vincent M. Ventimiglia appeals from the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action. We affirm.

---

[1]The Honorable Mary Ann L. Medler, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

We agree with the district court that all of Ventimiglia's claims -- other than his claim against Officer Angela Candler -- are barred by collateral estoppel because he unsuccessfully raised the issues underlying these claims during his state criminal appeal.  See Allen v. McCurry, 449 U.S. 90, 103-05 (1980) (collateral estoppel may apply when § 1983 plaintiff attempts to relitigate in federal court issues decided against him in state criminal proceedings; federal court gives state court judgment same preclusive effect it would be given under law of state where it was rendered); Shahan v. Shahan, 988 S.W.2d 529, 532-33 (Mo. 1999) (summarizing doctrine of collateral estoppel).  As to Ventimiglia's remaining claim that Officer Candler falsified information to establish probable cause for his arrest, we conclude that his conviction precludes such a claim.  See Miller v. Benson, 51 F.3d 166, 170 (8th Cir. 1995) (appellate court may affirm on any ground supported by record); Malady v. Crunk, 902 F.2d 10, 11-12 (8th Cir. 1990) (conviction for offense for which officer arrested plaintiff bars § 1983 action alleging absence of probable cause). Ventimiglia's remaining arguments are meritless.

Accordingly, we affirm.  See 8th Cir. R. 47B.  We also deny Ventimiglia's pending motions.

_____