# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2600

_____

Sam Edward Thurmond-Green,       *
                                 *
          Appellant,             *
                                 *   Appeal from the United States
     v.                          *   District Court for the Eastern
                                 *   District of Arkansas.
Gene Hodges, Police Officer, Conway  *
Police Department; Mike Welsh,   *        [UNPUBLISHED]
Detective, Conway Police Department,  *
                                 *
          Appellees.             *

_____

Submitted: March 24, 2005
Filed: April 7, 2005

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Sam Edward Thurmond-Green (Green) appeals the district court's adverse grant of judgment on the pleadings in Green's 42 U.S.C. § 1983 action.

Green alleged the following facts in his complaint. Police Officer Gene Hodges and other unknown officers illegally entered and searched Green's home without a warrant or consent. While Green was being detained, Detective Mike Welsh entered Green's home and said he wanted to question Green about a robbery.

Green denied any knowledge of the robbery and denied Welsh's request to search the residence. Nevertheless, Welsh seized some of Green's clothing. Hodges escorted Green, who was wearing only his underwear, outside and presented him to the victim for possible identification, but no identification was made. Hodges and Welsh arrested Green without probable cause between 1:00 and 1:30 a.m., upon learning he "was a convicted felon on federal supervised release." Green "was jailed and held on a frivolous federal probation revocation without a warrant for arrest." Later that day, Green was interviewed by the Arkansas state police, after which "the federal probation hold was dropped" and "other subsequent charges were filed against" him the next day. Green seeks damages for mental anguish and for the unlawful search, arrest, and detention.

In addition to these allegations, the district court also considered Green's guilty plea to a related charge of being a felon in possession of a firearm (a matter of public record), see Fed. R. Civ. P. 12(c); Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). Having concluded Green's damage claims were barred under Heck v. Humphrey, 512 U.S. 477 (1994), because his felon-in-possession conviction had not been overturned and was a complete defense to a section 1983 action, the district court dismissed the complaint with prejudice. On appeal, defendants also contend Green's claims are precluded under the doctrine of collateral estoppel because the claims involved the same issues as were presented in his criminal prosecution.

Based on the pleadings, we cannot say Green's conviction was a complete defense to his section 1983 action. First, while there is case law in this circuit holding a guilty plea forecloses a section 1983 claim of arrest without probable cause, see Williams v. Schario, 93 F.3d 527, 528-29 (8th Cir. 1996) (per curiam); Malady v. Crunk, 902 F.2d 10, 11-12 (8th Cir. 1990), these cases are distinguishable because Green apparently did not plead guilty to, and was not convicted of, the offense for which he was arrested; rather, he pleaded guilty to a later charged offense, cf.

Lambert v. City of Dumas, 187 F.3d 931, 935 n.6 (8th Cir. 1999) (relevant inquiry for § 1983 unlawful-arrest claim was whether arresting officers had probable cause at time of arrest, not whether decision to arrest could be justified by information learned after arrest). Second, Green alleged he was arrested after officers had illegally entered his home. In this circumstance, even if the officers had probable cause to arrest him, a warrantless arrest would be unlawful absent exigent circumstances. See Rogers v. Carter, 133 F.3d 1114, 1118 (8th Cir. 1998). Further, we cannot conclude collateral estoppel is a viable alternative ground for judgment on the pleadings, because the record does not reflect whether the issues in the instant case were actually litigated during Green's criminal proceeding. See Pohlmann v. Bil-Jax, Inc., 176 F.3d 1110, 1112 (8th Cir. 1999); Zinger v. Terrell, 985 S.W.2d 737, 740 (Ark. 1999).

Thus, we deny Green's motion for appointment of appellate counsel and remand the case to the district court for further proceedings consistent with this opinion.

_____