# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4003

_____

| | | |
|---|---|---|
| Timothy Collins, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Larry D. Bruns, FBI; Rick Sanders, | * | |
| MSHP, K9 Unit; Kevin Glaser, MSHP; | * | Appeal from the United States |
| Mark P. McClendon, MSHP; Brenda | * | District Court for the |
| Cone, MSHP; Mike Ahlford, Semo | * | Eastern District of Missouri. |
| DTF; Richard Couch, Semo DTF; | * | |
| Preston R. Neely, Semo DTF; Chris | * | [UNPUBLISHED] |
| Graves, MSHP; Scott Johnston, Semo | * | |
| DTF; Jason Ward, Dep. NMCS; | * | |
| William Cooper, MSHP; Jeff Heath, | * | |
| MSHP; Phil Gregory, MSHP; Drew | * | |
| Judan, DPS.SOG; Thomas L. Blades, | * | |
| Jr., FBI, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: June 23, 2006
Filed: July 13, 2006

_____

Before WOLLMAN, MURPHY, and RILEY, Circuit Judges.

_____

PER CURIAM.

Federal prisoner Timothy Collins (Collins) appeals the district court's adverse grant of summary judgment in his 42 U.S.C. §§ 1983 and 1985 action. Collins also moves for leave to proceed in forma pauperis (IFP) on appeal. Leaving fee collection to the district court, we grant Collins IFP status, and we reverse.

On May 3, 2003, federal and state agents searched Collins's nightclub pursuant to a search warrant, and seized evidence of cocaine-base distribution. Collins pled guilty to distribution of cocaine base and was sentenced to 88 months in prison. While serving this sentence, Collins filed the instant action for damages against agents of the Federal Bureau of Investigation (FBI), the Southeast Missouri Drug Task Force, and the City of Sikeston Department of Public Safety, alleging the search of his business was illegal because the search warrant was defective, in violation of the Fourth Amendment and the Missouri Constitution.

The district court concluded as a matter of law that Collins was precluded from pursuing his Fourth Amendment claim under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (if judgment in plaintiff's favor in § 1983 action for damages would necessarily imply invalidity of conviction or sentence, claim is not cognizable until conviction or sentence has been overturned). The court further concluded that Collins's guilty plea foreclosed his damages claim for any federal or state constitutional claims arising out of the conviction, citing Williams v. Schario, 93 F.3d 527, 528-29 (8th Cir. 1996) (per curiam), Malady v. Crunk, 902 F.2d 10, 11 (8th Cir. 1990), United States v. Wray, 608 F.2d 722, 724 (8th Cir. 1979), and Hurse v. State, 527 S.W.2d 34, 36 (Mo. Ct. App. 1975). Summary judgment for defendants was entered on September 9, 2005.

On October 31, Collins filed a notice of appeal (NOA). Believing Collins had only thirty days to appeal, the district court denied him leave to file the NOA out of time. Because of the federal defendants, however, Collins had sixty days to appeal,

and this appeal is timely. See Fed. R. App. P. 4(a)(1)(B) (when United States or its officer or agency is party, NOA may be filed within 60 days after entry of judgment).

Upon de novo review of the grant of summary judgment for defendants, see Walker v. Bonenberger, 438 F.3d 884, 888 (8th Cir. 2006), we reverse. The district court erred in concluding that the defective-search-warrant claim was categorically barred by Heck, as success on this claim would not necessarily imply the invalidity of Collins's conviction. See Heck, 512 U.S. at 487 n.7 (because of doctrines like independent source, inevitable discovery, and harmless error, damages suit for unreasonable search may lie even if challenged search produced evidence that was introduced in state criminal trial resulting in § 1983 plaintiff's still-outstanding convictions); Moore v. Sims, 200 F.3d 1170, 1171-72 (8th Cir. 2000) (per curiam) (noting footnote 7 and concluding § 1983 unlawful-seizure claim was not Heck-barred). The district court also erred in concluding Collins's guilty plea was a complete defense to his section 1983 action. The cases cited by the district court in support of this proposition are distinguishable: the first two involve unlawful-arrest claims, and the latter two apply in criminal proceedings. Collins's conviction could still stand even though the search warrant was defective and the resulting search and seizure were unconstitutional.

Accordingly, we reverse, and we remand for further proceedings consistent with this opinion.

_____