# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2518

_____

Robert H. Gautreaux, Sr.,      *
     *
          Appellant,      *
     *   Appeal from the United States
       v.      *   District Court for the Western
     *   District of Arkansas.
Sheriff Larry Sanders; Deborah      *
Washington, Department of      *   [UNPUBLISHED]
Human Services,      *
     *
          Appellees.      *

_____

Submitted: September 28, 2010
Filed: October 6, 2010

_____

Before LOKEN, MURPHY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Robert Gautreaux appeals the district court's[1] 28 U.S.C. § 1915(e)(2)(B) dismissal with prejudice of his 42 U.S.C. § 1983 action for damages and other relief. In his complaint, Gautreaux alleged that he had been arrested on an invalid warrant and that records had been altered in order to convict him. The district court dismissed

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, adopting the report and recommendations of the Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas.

Gautreaux's complaint for failure to state a claim, concluding that it was barred by Heck v. Humphrey, 512 U.S. 477 (1994).

Upon careful de novo review, see Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam) (§ 1915(e)(2)(B) dismissal for failure to state claim is reviewed de novo); see also Entzi v. Redmann, 485 F.3d 998, 1003 (8th Cir. 2007) (dismissal of claim barred by Heck is reviewed de novo), we agree with the district court that Gautreaux's claims were barred by Heck. All of his claims implied the invalidity of his conviction, and he did not show that his conviction had been reversed or set aside. See Heck, 512 U.S. at 486-87 (§ 1983 damages claim for unlawful conviction, imprisonment, or other harm caused by actions whose unlawfulness would render conviction or sentence invalid is not cognizable unless conviction or sentence has been reversed or set aside); cf. Williams v. Schario, 93 F.3d 527, 529 (8th Cir. 1996) (per curiam) (false testimony and malicious prosecution claims are Heck-barred where they necessarily imply invalidity of conviction or sentence); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam) (Heck barred claims that police officers lacked probable cause for arrest and brought unfounded criminal charges). We note, however, that the dismissal should have been without prejudice. See Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995) (dismissal of Heck-barred claim should be without prejudice so plaintiff can refile if he satisfies Heck requirement).[2]

Accordingly, we modify the dismissal to be without prejudice, and we affirm the dismissal as modified. See 8th Cir. R. 47B.

_____

_____

[2]In addition, to the extent Gautreaux seeks to compel the disclosure of certain documents, such request is denied.

-2-