**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1156
_____

ANDY BUXTON,
Appellant

v.

IVA C. DOUGHERTY; KATIE A. WYMARD; RICHARD MILLER;
CHRISTOPHER ANTONUCCI; ROBERT MARSILI; AMBER NOEL;
SCOTT SHANK

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-15-cv-01653)
District Judge:  Honorable Joy Flowers Conti

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 11, 2017
Before:  SHWARTZ, COWEN and FUENTES, Circuit Judges

(Opinion filed: April 13, 2017)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Andy Buxton appeals from an order of the United States District Court for the Western District of Pennsylvania, which dismissed his complaint for failure to state a claim upon which relief could be granted. Because we believe that Buxton may have been able to amend the complaint to cure some of its insufficiencies, we will vacate the District Court's order and remand for further proceedings.

In 2013, numerous criminal charges were filed against Buxton in the Allegheny County Court of Common Pleas, including criminal use of a communication facility, manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance, and participating in corrupt organizations. While these charges were pending, Buxton filed a civil rights complaint against numerous defendants in the District Court. Buxton alleged that the criminal charges were based on fabricated evidence and perjured testimony presented at his preliminary hearing and claimed a violation of his due process rights. He also claimed that a narcotics agent leaked sealed information to persons at his place of employment and to others in law enforcement in violation of the "Grand Jury Secrecy Act."[1] Buxton sought damages and declaratory and injunctive relief.

---

[1] It is not clear whether Buxton is referring to a state law, as his complaint does not give a citation for such an act, although perhaps he was referring to 42 Pa. C.S. § 4551(b), or perhaps Pa. R. Crim. P. 556.10. We are unaware of any private cause of action under Pennsylvania law for violation of grand jury secrecy. See Pa. R. Crim. P. 556.10(A)(2) ("A violation of grand jury secrecy rules may be punished as a contempt of court); cf. Finn v. Schiller, 72 F.3d 1182, 1188 (4th Cir. 1996) (declining to imply right of private enforcement for violation of federal rule imposing grand jury secrecy). It appears from Buxton's brief on appeal that he was attempting to claim that the disclosures violated his federal due process rights.

2

The District Court adopted the Magistrate Judge's report and recommendation to dismiss the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted. The District Court ruled that Buxton's claims would call into question any conviction he might receive and were thus barred under Heck v. Humphrey, 512 U.S. 477 (1994).[2] The District Court also ruled that Buxton's claims for injunctive relief were barred by the abstention doctrine in Younger v. Harris, 437 U.S. 37 (1971). Finally, the District Court denied Buxton's motion to withdraw and dismiss his action, which he filed after the Magistrate Judge issued her report.[3] Buxton timely appealed.

Our review of the District Court's dismissal order is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We review the District Court's conclusion that Buxton's complaint failed to state a claim using the same standard that we use for Fed. R. Civ. P. 12(b)(6) dismissals. See Allah, 229 F.3d at 223. To pass muster under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard is

---

[2] Under Heck, a claim for damages for an allegedly unconstitutional conviction or imprisonment requires proof that the conviction has been invalidated. Id. at 486-87.

[3] The District Court denied Buxton's request, as allowing Buxton to voluntarily withdraw his complaint might allow him to avoid a dismissal for failure to state a claim, which would count as a "strike" under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). Buxton did not challenge the denial of his motion to withdraw and dismiss in his brief here, so he has waived any challenge to that aspect of the order. See Voci v. Gonzales, 409 F.3d 607, 610 n.1 (3d Cir. 2005).

met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

If the complaint does not meet the pleading standard, the District Court should allow the plaintiff to amend the complaint, unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Here, the District Court, citing our decision in Smith v. Holtz, 87 F.3d 108, 113 (3d Cir. 1996), concluded that Buxton's claims were barred by Heck even though his criminal charges were still pending; thus, the Court concluded that amendment would be futile. But since Smith, the United States Supreme Court clarified in Wallace v Kato, 549 U.S. 384 (2007), "that the Heck bar is applicable only when, at the time the § 1983 suit would normally accrue, there is an *existing* criminal conviction . . . ." Dique v. New Jersey State Police, 603 F.3d 181, 187 (3d Cir. 2010) (emphasis in original).

We take judicial notice, however, that Buxton's conviction is now final. See Docket Sheet, Commonwealth v. Buxton, No. CP-02-CR-0012834-2013. Buxton was acquitted of one charge, four charges were nolle prossed, and the jury found Buxton not guilty of six charges, but the jury also found him guilty of eleven charges.[4] Heck would now bar any claim for damages that would impugn his conviction. See Wallace, 549 U.S. at 394; see also Williams v. Schario, 93 F.3d 527, 529 (8th Cir. 1996) (judgment in plaintiff's favor on damages claims that defendants presented perjured testimony at preliminary hearing "would necessarily imply the invalidity of his conviction") (internal

---

[4] He was sentenced on July 14, 2016, to five to ten years in prison, followed by probation. The docket does not reflect that Buxton filed any appeal. Id.

4

quotation marks omitted). But because Buxton was not convicted of all of the charges, he might be able to meet the favorable termination requirement. See Kossler v. Crisanti, 564 F.3d 181, 188 (3d Cir. 2009) (en banc) ("[T]he favorable termination of some but not all individual charges does not necessarily establish [or disestablish] the favorable termination of the criminal proceeding as a whole.").

In Kossler, we held that a plaintiff who had been convicted of disorderly conduct but acquitted of aggravated assault and public intoxication did *not* satisfy the favorable termination requirement. Id. at 183. But "we [did] not hold that there is never favorable termination unless a plaintiff is acquitted of all charges." Id. at 192. We noted, for example, that in cases in two other courts of appeals "those courts allowed malicious prosecution claims to proceed despite the plaintiffs' convictions on some but not all of the charges." Id. at 190 (discussing Janetka v. Dabe, 892 F.2d 187 (2d Cir. 1989), and Uboh v. Reno, 141 F.3d 1000 (11th Cir. 1998)). We distinguished those cases because unlike the case in Kossler, "the charges for which the plaintiff[s] [were] convicted and the charges which were dismissed aimed to punish separate conduct." Id. at 191.

Given the vagueness of Buxton's complaint (his complaint does not explain what evidence or testimony was fabricated or perjured), the mixed disposition after trial,[5] and the varied crimes for which he was tried, it is not clear whether Buxton can meet the favorable termination requirement with respect to the claims in his complaint. But if any

---

[5] A disposition of "nolle prossed" may or may not satisfy the requirements of favorable termination. See Hilfirty v. Shipman, 91 F.3d 573, 579-80 (3d Cir. 1996) (discussing adequacy of grant of nolle prosequi for satisfying favorable termination requirement for malicious prosecution claim).

5

claim, even if successful, would *not* show the invalidity of Buxton's criminal judgment, it should be allowed to proceed. See Heck, 512 U.S. at 487; see also Kossler, 564 F.3d at 190-92.

We will thus vacate the District Court's decision and remand so that the District Court can give Buxton a chance to amend his complaint to show that his claims for damages should not be barred by Heck.[6] We note that if, after amendment, the District Court holds that the complaint is barred by Heck, the dismissal should be without prejudice, in case Buxton is later able to overturn his conviction. See Curry v. Yachera, 835 F.3d 373, 379 (3d Cir. 2016).[7]

---

[6] To the extent that Buxton sought to enjoin his criminal prosecution, the District Court's abstention was proper. See Sprint Commc'ns v. Jacobs, 134 S. Ct. 584, 588 (2013) ("When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."). Moreover, there was no indication in Buxton's complaint that the extraordinary circumstances that might render Younger abstention improper were present here. See Port Auth. Police Benev. Ass'n, Inc. v. Port Auth. of N.Y. & N.J. Police Dep't, 973 F.2d 169, 176 (3d Cir. 1992).

[7] Buxton's motions for appointment of counsel and to expand the record are denied.