# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3151
_____

Danny Huff

*Plaintiff - Appellant*

v.

Canterbury Park Holding Corporation

*Defendant - Appellee*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: April 17, 2024
Filed: April 22, 2024
[Unpublished]
_____

Before BENTON, ERICKSON, and STRAS, Circuit Judges.
_____

PER CURIAM.

Danny Huff sued Canterbury Park Holding Corporation, his former employer. The amended complaint alleges that the company wrongfully withheld pay, misled him during settlement negotiations, and retaliated after he demanded payment. We affirm the dismissal of most of his claims, except for the one seeking unpaid wages under the Fair Labor Standards Act, *see* 29 U.S.C. § 216(b).

Huff did not get close to stating a retaliation claim. Among the elements missing were involvement by his employer, an adverse employment action, and a causal connection between the alleged retaliation and the protected activity. *See Yearns v. Koss Constr. Co.*, 964 F.3d 671, 674–75 (8th Cir. 2020) (listing the necessary elements). Another chance to amend would not have solved these problems. *See United States ex rel. Raynor v. Nat'l Rural Utils. Coop. Fin., Corp.*, 690 F.3d 951, 955, 957 (8th Cir. 2012) (reviewing both the failure to state a claim and the futility of proposed amendments de novo). And to the extent he challenges the dismissal of his state-law claims, he has given us no reason to question the district court's conclusion that they are covered by his settlement with Canterbury Park. *See Ahlberg v. Chrysler Corp.*, 481 F.3d 630, 634 (8th Cir. 2007).

Missing from the order, however, was any discussion of his federal wage claim. *See* 29 U.S.C. § 216(b). "[T]he district court [should] consider [this claim] in the first instance," given the possible "questions still to be resolved." *MPAY Inc. v. Erie Custom Comput. Applications, Inc.*, 970 F.3d 1010, 1021 (8th Cir. 2020) (citations omitted); *see Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1026 (8th Cir. 2019) (noting that courts are split over whether parties can settle FLSA claims involving "bona fide disputes over hours worked or wages owed" without judicial approval). We accordingly vacate and remand for further proceedings on this claim, but otherwise affirm.[1] *See* 8th Cir. R. 47B.

————————————————

---

[1]We do, however, modify the dismissal of the other claims to be with prejudice. *See Williams v. Schario*, 93 F.3d 527, 529 (8th Cir. 1996) (per curiam).